**[J-44-2019] [OAJC: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 57 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court dated April 12, 2018 at No. |
| | : | 266 MDA 2017, vacating the |
| v. | : | Judgment of Sentence dated |
| | : | January 13, 2016 in the Court of |
| | : | Common Pleas of Lackawanna |
| PATRICK TIGHE, | : | County, Criminal Division, at No. |
| | : | CP-35-CR-0001297-2012 and |
| Appellant | : | remanding for resentencing |
| | : | |
| | : | ARGUED:  May 14, 2019 |

**CONCURRING OPINION**

**JUSTICE TODD**                                                    **DECIDED:  February 19, 2020**

I concur in the result.  On the merits of the allocatur question not ultimately reached by the Court, I agree with Justice Mundy, as stated in her concurring opinion, that the trial court did not abuse its discretion in concluding that the instant record, under the current state of the law, was sufficient to demonstrate that the victim would have been emotionally traumatized by Appellant's cross-examination so as to justify the trial court's decision to order standby counsel to perform that examination and thereby momentarily supplant Appellant's desire to represent himself, as a permissible restriction on the right of self-representation.